**SO ORDERED.**

**SIGNED this 24 day of May, 2018.**

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## FAYETTEVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| DAVID EARL HOUP | 17-04497-5-JNC |
| | CHAPTER 13 |
| DEBTOR | |

### ORDER SUSTAINING OBJECTION TO CLAIM

Pending before the court is the Amended Objection to Claim and Motion to Determine Mortgage Fees and Expenses filed by David Earl Houp (the "Debtor") on April 11, 2018 (D.E. 37; the "Objection"). The Objection takes issue with a Notice of Pospetition Mortgage Fees, Expenses, and Charges filed in this case by Federal National Mortgage Association ("Fannie Mae") on February 9, 2018 (the "Notice"), seeking to assess an additional $350.00 "Bankruptcy/Proof of claim fee" or charge against the Debtor's mortgage account (the "Disputed Fee"). No opposition or response to the Objection was filed. The matter was scheduled for hearing in Fayetteville, North Carolina on May 24, 2018. When the matter was called, counsel for the Debtor appeared, and no attorney or other person appeared for Seterus or Fannie Mae.

The Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on September 13, 2017. Seterus, Inc. ("Seterus") filed a proof of claim for Fannie Mae in the Debtor's case on January 18, 2018, designated Claim No. 7-1 (the "Proof of Claim"), asserting a residential mortgage secured claim in the amount of $353,565.91. No objection has been filed as to the Proof of Claim, which is deemed allowed absent objection per 11 U.S.C. § 502(a) and Fed. R. Bankr. P. 3001(f).

The Debtor has objected to the Notice, however, which if not objected to would have acted to add the $350 Disputed Fee to the secured claim. When an objecting party introduces evidence to rebut the presumptive validity of the claim, the burden on establishing the claim and claim amount shifts back to the claimant to justify the propriety and amount by a preponderance of the evidence. 11 U.S.C. § 502(b); *Stancill v. Harford Sands, Inc. (In re Harford Sands, Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004).

Here, the Debtor objected to the Disputed Fee, and showed that nothing in the record reflects a justification or explanation of entitlement to the Disputed Fee under state law. Neither Seterus nor Fannie Mae responded in writing to the objection, nor did either appear at the hearing. Because the Debtor rebutted the presumptive validity of the Disputed Fee, and Seterus and Fannie Mae have failed to carry the shifted burden, the Disputed Fee has no evidentiary support.

**THEREFORE**, the Objection is **SUSTAINED** and the Disputed Fee is **DISALLOWED**.

**END OF DOCUMENT**